UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Robert V. Towle</u>

   v.                                      Civil No. 13-cv-106-PB

<u>Hon. Timothy J. Vaughan and</u>
<u>Hon. Peter H. Bornstein</u>


**REPORT AND RECOMMENDATION**


Robert V. Towle, an inmate at the Coos County House of Corrections, has filed a complaint (doc. no. 1), pursuant to 42 U.S.C. § 1983, against two New Hampshire Superior Court judges. The matter is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. <u>See</u> 28 U.S.C. § 1915A(a)-(b); LR 4.3(d)(2).

**Standard for Preliminary Review**

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints filed by inmates, before defendants have an opportunity to respond to the claims. The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a

defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010). To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Background**

In his complaint (doc. no. 1), Towle asserts that bail decisions made by Judge Vaughan in Towle's state criminal case, and by Judge Bornstein in Towle's codefendant's criminal case, violated Towle's constitutional rights. The complaint here is nearly identical to a complaint Towle previously filed in this

court in another case, Towle v. Vaughan, No. 12-cv-299 ("2012 Case") (D.N.H. filed Aug. 3, 2012) ("2012 Case"). In the 2012 Case, in which Towle asserted the same substantive claims against the same defendants as he does in this case, Towle sought both monetary damages and declaratory relief. In the instant action, Towle seeks only declaratory relief.

In the 2012 Case, the magistrate judge issued a report and recommendation recommending dismissal of the complaint on the basis of judicial immunity. See id. (report and recommendation issued Dec. 20, 2012). Towle objected, asserting, as he does here, that he was seeking declaratory relief against both defendants. See id. (Pl.'s Objection filed Jan. 4, 2013). The district judge approved the magistrate judge's report and recommendation "[a]fter due consideration of the objection filed." Id. (Order issued Jan. 14, 2013).

**Discussion**

Towle's present claims are barred by the doctrine of res judicata. A claim is barred by federal res judicata when there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994).

As noted above, this court dismissed the 2012 Case on the merits. See 2012 Case (Order of dismissal issued Jan. 14, 2013). Because Towle has asserted the same claims against the same defendants in both cases, the present claims are barred by res judicata. The complaint should be dismissed.

## Conclusion

For the foregoing reasons, the court recommends dismissal of this action in its entirety. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

August 7, 2013
cc:  Robert V. Towle, pro se

LBM:jba